[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 5, 2011
JOHN LEY
CLERK

No. 11-11587
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00187-WLS

WALTER RAY SCOTT,

Plaintiff - Appellant,

versus

BARBARA COLEMAN,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 5, 2011)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Walter Ray Scott, who was an inmate at the Dooley State Prison in

Unadilla, Georgia, filed a lawsuit against the prison's director of nursing, Barbara

Coleman, alleging that she was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The district court granted summary judgment in favor of Coleman, concluding that she was not deliberately indifferent. This is Scott's appeal.

I.

Scott injured his ankle playing basketball on Friday, June 8, 2007. He was transferred to the medical facilities at the prison and diagnosed with an ankle sprain.[1] A prison nurse evaluated his condition, wrapped his ankle in an ace bandage, gave him medication for pain, and instructed him to ice, elevate, and stay off his ankle. He was given a follow-up appointment for the following Monday, June 11.

At that appointment Scott was evaluated by a nurse practitioner. He was prescribed more pain medication and was scheduled for an x-ray for the following day, June 12. The x-ray was taken on June 12, and the results of the x-ray showed a fracture. The nurse practitioner requested an evaluation by a specialist. The prison medical director, Dr. Sachdeva, reviewed and approved the request and

---

[1]The parties dispute the initial diagnosis, but at this point in the proceedings we view the facts in the light most favorable to Scott. See Cottrell v. Caldwell, 85 F.3d 1480, 1486 n.3 (11th Cir. 1996) ("In determining the facts for summary judgment purposes, we, like the district court, are required to view the evidence in the light most favorable to the plaintiff.").

marked it as "urgent."[2]  An appointment was scheduled with an orthopedic surgeon, Dr. Rosenbaum, for June 29, 2007.  Scott was transferred to Dodge State Prison to be evaluated by Dr. Rosenbaum, who set Scott's ankle in a cast on June 29.

About a week later, on July 6, Scott filed an informal grievance, claiming that he had not been given adequate or prompt care after his ankle was x-rayed. Scott then filed a formal grievance and as a result met with the defendant, Barbara Coleman, on July 17, 2007.  Scott alleges that during that grievance meeting Coleman told him that if she had seen that the appointment with the surgeon was scheduled for June 29, she would have sent him to the local hospital instead of waiting that length of time for the specialist.

About a month after his meeting with Coleman, Scott was taken for a follow-up appointment with Dr. Rosenbaum, who put a new cast on his ankle.  Dr. Rosenbaum saw Scott again the following month.  At that appointment, the doctor removed Scott's second cast and x-rayed his ankle again.  The x-ray showed that the fracture had not healed, so Dr. Rosenbaum set the ankle again and scheduled another follow-up appointment.

---

[2]Dr. Sachdeva attested:  "The request [for consultation with a specialist] was marked urgent because Scott had a simple fracture with no dislocation."

At that follow-up Dr. Rosenbaum ordered a CAT scan, and the results were given to Dr. Sachdeva at the prison. It was determined that there was an incomplete fusion of Scott's ankle. Dr. Rosenbaum operated on Scott's ankle twice—the first time to repair the ankle bone and the second time to remove the hardware used in the first procedure. It is undisputed that during the whole course of treatment Coleman was not one of the people involved in treating Scott.

Despite the fact that Coleman played no role at all in his medical care, Scott contends that she was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He argues that Coleman was responsible for the three week delay between his first x-ray and his first visit to the orthopedic surgeon. He asserts that this delay caused him to suffer unnecessary pain and resulted in his ankle failing to fuse properly.

II.

"Deliberate indifference to a prisoner's serious medical needs is a violation of the Eighth Amendment." Goebert v. Lee Cnty., 510 F.3d 1312, 1326 11th Cir. 2007). We have explained:

> In order to prove deliberate indifference a prisoner must shoulder three burdens. First, she must satisfy the objective component by showing that she had a serious medical need. Second, she must satisfy the subjective component by showing that the prison official acted with deliberate indifference to her serious medical need. Third,

as with any tort claim, she must show that the injury was caused by the defendant's wrongful conduct.

Id. (citations omitted). The subjective component of a deliberate indifference claim requires the plaintiff to "prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Id. (alteration and quotation marks omitted); see also Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010).

Scott has failed to raise a genuine issue of material fact about even one of those three things. All Scott has alleged about Coleman is that in a grievance hearing or meeting held after Dr. Rosenbaum began treating him, Coleman said that if she had been aware of the date of his appointment with the orthopedic surgeon, she would have sent him to the local hospital instead of waiting for that appointment. Dr. Rosenbaum attested that "what has been characterized as a delay (from June 8 to June 29) did not aggravate the fracture, affect the healing of the bone, cause the delayed union, or necessitate surgery." Scott presented no evidence that Coleman was deliberately indifferent to his serious medical needs.

**AFFIRMED.**